MARGARET MILLIKEN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Inadequate verdict — not sustained on the ground that it represents a compromise and in effect is a verdict for the defendant.*

A verdict for $250 rendered in favor of the plaintiff in an action to recover damages for personal injuries, which sum, if the plaintiff was entitled to recover, was inadequate to compensate her for her injuries, should not, over the plaintiff's objection, be allowed to stand on the theory that the jury were not convinced that the defendant was liable, but that, in order to reach a verdict and prevent a disagreement, those members of the jury who believed that the defendant was entitled to a verdict, consented to render a small verdict for the plaintiff.

WOODWARD, J., dissented.

APPEAL by the plaintiff, Margaret Milliken, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 11th day of November, 1901, denying the plaintiff's motion, made upon the minutes, to set aside as inadequate the verdict of a jury in her favor.

*James C. Cropsey,* for the appellant.

*James McKeen* [*P. E. Callahan* with him on the brief], for the respondent.

HIRSCHBERG, J. :

The plaintiff recovered a verdict of $250 for personal injuries alleged to have been occasioned by the defendant's negligence. The learned trial justice denied her motion to set aside the verdict as inadequate, writing the following opinion :

"If the liability of the City for the injury sustained by plaintiff was established, she was entitled to a much larger sum for damages than was awarded by the jury ; the amount is plainly inadequate. Theoretically, the jury having by their verdict established the liability of the City and having awarded an inadequate sum for damages, for this reason the verdict should be set aside and a new trial granted.

"I am convinced, however, that as far as this case is concerned,

such a theory does not account for all the material facts and should not be adopted.

" The jury was composed in the main of gentlemen of experience. The case was carefully tried. If the jury was convinced, the plaintiff was entitled to recover ; they knew the amount awarded was not only inadequate, but they must have intentionally made it inadequate. There is no apparent reason whatever why this should have been done. It is much more reasonable to believe that the jury was not convinced that the City was liable for the injury, but in order to reach a verdict and prevent a disagreement, those members of the jury who believed that the defendant was entitled to a verdict, consented to a small verdict for the plaintiff. The verdict was really a verdict for the defendant. The verdict is the result of a compromise and is illogical, but in my judgment it is better that the verdict should stand and that the litigation should be ended so far as this court can end it, than that the litigation should be prolonged for the sole purpose of reversing an illogical verdict."

The learned trial justice was correct in the statement that the verdict was an inadequate one, but I think his reasoning should have led to a different conclusion. The award was certainly insufficient. The accident occurred nearly four years before the trial, and it was practically undisputed that the injury occasioned by it was, to some extent at least, permanent in character. The plaintiff was still suffering from its effects at the time of the trial in occasional pain and constant inconvenience. The setting and healing of her leg, fractured by the accident, confined her to her bed for weeks and to the use of crutches for months, and she has been rendered measurably incapable of doing her housework as she formerly did. The physician who examined her on behalf of the defendant discovered a difference in the circumference of her ankles, which is attributed to the injury, and also a slight impairment in motion, and he admitted that there was no reason to doubt that any considerable use of the affected limb would occasion weakness and pain. The amount awarded by the jury may well be deemed, under the circumstances, an insufficient sum to compensate the plaintiff for the injury, pain, inconvenience and suffering involved in the occurrence.

This being so, a new trial was essential to the ends of justice.

Giving due weight to the undoubted advantages possessed by the trial court in determining the processes by which the jury reached its result, the matter must of necessity be somewhat conjectural, nor is it entirely clear that the verdict should be permitted to stand even if it was certain that it had been arrived at by the method of compromise suggested. It is unnecessary to decide whether or not a nominal verdict for the plaintiff might be legitimately treated as in effect one for the defendant. The verdict in this case, though small, was for a substantial amount, and no authority is cited in support of the proposition that such a verdict may be regarded for the purposes of a motion to set it aside on the ground of inadequacy as one practically in favor of the litigant against whom it has been rendered. Nor can any inference favorable to the order appealed from be drawn from a desire, however commendable, to terminate the litigation. The object of litigation is, of course, the attainment of ultimate justice. However vexatious may be the expense and delay incident to a protracted lawsuit, the reasonable assurance of a correct result can afford the only consistent justification under an enlightened system of jurisprudence. The controversy in this view is prolonged, not for the sole purpose of reversing an illogical verdict, but in the hope of a final result which will be free from obvious error. Only when speed is sure can time be of the essence of justice. The plaintiff, if she recovers at all, is entitled to receive compensation, while, if she is not entitled to recover, the defendant should have a verdict in its favor. In such manner alone can the costs and expenses of the litigation be equitably charged and adjusted. It follows that the verdict should have been set aside, and that the denial of the plaintiff's motion operated, however inadvertently, to the prejudice of both litigants by perpetuating a result which was strictly just to neither of them.

The order should be reversed and the motion to set aside the verdict and for a new trial granted, with costs of this appeal to abide the event.

GOODRICH, P. J., BARTLETT and HOOKER, JJ., concurred; WOODWARD, J., dissented.

Order reversed, with costs to abide the event, and motion to set aside the verdict as inadequate and for a new trial granted.