JOHN HURLEY, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — what verdict for the plaintiff should be set aside as inadequate in the damages allowed.*

A verdict of $171, rendered in favor of the plaintiff, in an action to recover damages for personal injuries, should be set aside as inadequate, where it appears that the plaintiff endured considerable pain and suffering; that he was compelled to remain in a hospital for a period of one month and to remain under private treatment for a period of about eighteen months; that he lost about four months' work of the value of from $12 to $14 a week and had incurred liability for medical attendance which was reasonably worth the sum of $250; that he was permanently injured in his strength and working powers, and was unable to earn as much since the accident as he did before, his loss in wages, through this cause, being $2.40 weekly.

APPEAL by the plaintiff, John Hurley, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 9th day of December, 1902, denying his motion to set aside the verdict of a jury in favor of the plaintiff, as inadequate, and for a new trial made upon the minutes.

*Henry L. Franklin*, for the appellant.

*Bayard H. Ames*, for the respondent.

HIRSCHBERG, J.:

The record suggests no reason why the plaintiff's motion to set aside the verdict as inadequate should not have been granted. The plaintiff was injured while crossing the defendant's tracks in the borough of Brooklyn on the 17th day of June, 1901, by a collision with one of the defendant's cars. No point is made that there was any failure to prove either the defendant's negligence or the plaintiff's freedom from blame. The charge of the learned trial justice was satisfactory to both parties, and the verdict of the jury in the plaintiff's favor assessed the damages at the sum of $171.

It is undisputed that the plaintiff was in good health at the time of the accident. He was compelled to remain in a hospital for the treatment of his injuries from June 17 to July 16, 1901, and was under private treatment from the date of his discharge from the hospital until nearly the time of the trial, December 1, 1902. His injuries occasioned him considerable pain and suffering. He lost about four months of work, at which he was earning at the time of the occurrence from twelve dollars to fourteen dollars a week, and he incurred financial liability for medical services in necessary care, medicine and attendance, which his physician testified was reasonably worth the sum of two hundred and fifty dollars. His physician testified that he was permanently injured in his strength and working power, and he testified that he had been unable to earn as much since the accident as he did before, his loss in wages being two dollars and forty cents weekly. There was no evidence offered on behalf of the defendant on the subject of the extent of his injuries, the expense of his proper medical care or the loss of his earning power, and it is obvious from the mere statement of the case that the sum awarded by the jury was inadequate to compensate him for his loss of time, his suffering, his decreased earning power, his permanent disability and the pecuniary obligation which he had contracted by reason of his injury. That he was entitled under the circumstances to have the verdict set aside as inadequate is settled by a long line of cases, among which may be cited *McDonald* v. *Walter* (40 N. Y. 551); *Meyer* v. *Hart* (23 App. Div. 131); *Morrissey* v. *Westchester*

*Electric R. Co.* (30 id. 424), and *Tooker* v. *Brooklyn Heights R. R. Co.* (80 id. 371).

The order should be reversed and the motion to set aside the verdict and for a new trial granted, costs of this appeal to abide the event. (*Milliken* v. *City of New York*, 82 App. Div. 471, 473.)

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred

Order reversed and motion to set aside the verdict as inadequate and for a new trial granted, costs of this appeal to abide the event.