JAMES J. SHEEHAN, Appellant, *v.* PATRICK COFFEY, Respondent.

Third Department, May 3; 1922.

Motor vehicles — action by occupant of automobile to recover from owner who was driving car, for injuries caused by owner's negligence — verdict for plaintiff for exact amount of doctor's bill for services rendered to plaintiff as result of accident cannot be sustained. •

The verdict in an action for negligence brought by an occupant of an automobile against the owner who was driving the car at the time of the accident, should be set aside at the instance of the plaintiff, where it appears that after the jury retired it inquired if it could be assured that the doctor, who attended the plaintiff after the accident, would have his bill paid if it rendered a verdict for

Third Department, May, 1922.        [Vol. 201

the amount thereof, and that the verdict returned by the jury was for the exact amount of the doctor's bill, for a verdict in favor of the plaintiff which does not take into account the injuries received by him cannot stand.

APPEAL by the plaintiff, James J. Sheehan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 14th day of December, 1921, upon the verdict of a jury for $235, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*William Goldberg* [*Louis J. Rezzemini* of counsel], for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondent.

KILEY, J.:

On January 11, 1921, the plaintiff was invited by the defendant to ride in his automobile from Albany to New York city. He accepted, and with the defendant and a Mr. Carroll started from Albany about ten A. M. on that day; the three men sat in the front seat of the auto, which was a Hudson Super Six. Somewhere near the city of Hudson the defendant speeded up his car until it was going at the rate of sixty-five miles an hour, when the speedometer broke. Plaintiff told defendant he was going too fast and that he did not want to ride at that rate, or words to that effect. He was told by the defendant " you mind your own business, don't interfere with a driver of his own car." The fast driving continued until near Poughkeepsie, when the car had covered seventy-eight miles between ten and eleven-twenty or eleven-thirty A. M. Another car was seen approaching and was on the wrong side of the road and defendant pulled to his wrong side of the road, his car jumped on the railroad track, ran along the road on the ties, and finally left the track and went through a stone wall into a field, striking a tree and a telegraph wire on the way. It wrecked the car and plaintiff was pulled out by the telegraph wire or fell out. He was injured; was afterwards attended by a physician, and took sixty-six electrical treatments in an effort to recover. For the services of his physician he became indebted in the sum of $235. The action was brought for the negligent and reckless conduct of the defendant. Upon that question the plaintiff's evidence is uncontradicted; his evidence as to the extent of his injury is uncontradicted. While the charge to the jury was more favorable to the defendant, in many particulars, than to the plaintiff, yet on the whole the question was fairly presented. The jury brought in a verdict in favor of the plaintiff for the amount of the physician's bill, $235. After the jury had

first retired, inquiry was made if it could be assured that the doctor would get the $235 if it rendered a verdict for that amount in favor of the plaintiff. Respondent urges that no negligence was found against the defendant, as evidenced by this inquiry and the verdict should stand as against the defendant, notwithstanding no negligence was found. The plaintiff had and suffered injury in that collision; the physician's bill was incurred in an effort to relieve plaintiff from his suffering as a result of such injury. The evidence that the charge for services is fair and reasonable is not contradicted, and a verdict that takes no account of the injuries cannot stand. The motion to set it aside should have been granted. (*McDonald* v. *Walter,* 40 N. Y. 551; *Miller* v. *Barker, Rose & Clinton Co.,* 173 App. Div. 186; *Milliken* v. *City of N. Y.,* 82 id. 471; *Hurley* v. *Metropolitan St. R. Co.,* 87 id. 66; *Morrissey* v. *Westchester Electric R. Co.,* 30 id. 424.) Appellant raises questions as to the charge which, in view of our position, as to the question of inadequacy of the damages, need not be considered here. Respondent did not appeal and we are not called upon to say whether there was or was not negligence; we say if there was negligence the plaintiff was entitled to a larger verdict than the one rendered by the jury.

The judgment should be reversed, with costs to abide the event.

All concur.

Judgment and order reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event, on the ground that the damages are inadequate. The court disapproves of the finding as to the amount of damages.