JAMES V. NOCERO, Appellant, *v.* JOHN DENITTO and Another, Respondents.

Fourth Department, March 11, 1925.

Contracts — action to recover balance due for labor and materials in making alterations to house — defense that work was to be done for stipulated price, which had been paid, not proved — verdict of jury for part of plaintiff's claim not based on evidence.

In an action to recover the balance alleged to be due for labor and materials furnished defendants in making alterations and additions to a house, the defense that the plaintiff agreed to do the work for a stipulated price, which had already been paid, was not sustained by the evidence.

The plaintiff had the right to recover the reasonable value of the labor and materials, less payments and counterclaim, or he did not have the right to recover anything; therefore, the verdict by the jury for a part only of what the plaintiff was entitled to recover, was not supported by the evidence.

APPEAL by the plaintiff, James V. Nocero, from a judgment of the County Court of the county of Chautauqua in favor of the plaintiff, entered in the office of the clerk of said county on the 24th day of October, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of August, 1924, denying plaintiff's motion for a new trial made upon the minutes.

*Clive L. Wright* [*Henry S. Manley* of counsel], for the appellant.

*C. A. Pickard* [*Clarence G. Pickard* of counsel], for the respondents.

DAVIS, J.:

The action is brought by plaintiff to recover a balance alleged to be due for labor and materials furnished defendants in the summer of 1923 in making alterations and additions to a house owned and occupied by them.

The parties agree there was no written plan or specifications covering the improvements to be made. Nor is there substantial dispute that the value of the labor and materials is the amount plaintiff claims, to wit, $2,269.77. The parties differ primarily on the question of whether there was an express contract to do the work at a price fixed in advance. The plaintiff says he was to perform the original contract for the fair value of labor and materials; that when urged to make an estimate he stated it originally at " ten hundred and some odd dollars," but nothing definite. Subsequently as the work progressed changes and additions were made which greatly increased the cost.

The defendants contend that a fixed price of $1,030 for the work was agreed upon, and that these changes and additions were included therein. This seems inconsistent for it is reasonably clear that at least some material changes in the plan of construction were made while the work was in progress at a time considerably subsequent to that of the alleged parol agreement as to total cost. Further doubt is cast upon defendants' claim by the fact that on August ninth defendants had paid plaintiff $1,075 on the contract, besides having at the time an admitted counterclaim of $48.38, thereby considerably overpaying the alleged contract amount, although the work was not completed until some time later.

The plaintiff's claim that $1,030 or an approximate amount was but an estimate appears to be the more probable.

The evidence was often contradictory and in some respects

highly improbable. For these and other reasons the whole controversy was greatly confused. Had the jury in this state of affairs found a verdict of no cause or for the amount of defendants' counterclaim, we would hesitate to disturb it. But the verdict was $100 for plaintiff. There was no evidence as to values or contract price to warrant that verdict. However, the defendants had without pleading the defense of accord and satisfaction, given evidence that when the work was done and the plaintiff was seeking additional pay, John Denitto made him a compromise offer of $100 to be paid later, which plaintiff agreed to accept, but on a later occasion before payment was made, he refused it and demanded more.

The charge of the court as originally given indicated that the jury should find $901.41 for plaintiff (the fair value less payments and counterclaim), or render a verdict of no cause of action. This was afterward modified at the request of defendants' counsel, so an instruction was given that if the jury found there was no definite contract price, they should determine the value of the labor and material from the evidence submitted, and render a verdict for plaintiff for that amount.

It is apparent that the jury, left in confusion by the divergent claims of the parties, took the path of least resistance and found the sum which they had been led to believe was offered and perhaps once accepted in compromise, and which they may have regarded as an equitable adjustment of the matter. Such a verdict, evidently not based upon careful analysis of competent evidence, but quite obviously reached by consideration of facts not in issue, should not be permitted to stand. A verdict should represent a determination of the actual facts in controversy after mature consideration, not a vague groping of the mind into irrelevant matters. When the court may be reasonably certain that a verdict has been rendered not upon the facts but through sympathy or lack of resolute mental action, its duty to set it aside is clear. (*Sheehan* v. *Coffey*, 201 App. Div. 87; *Milliken* v. *City of New York*, 82 id. 471; *White* v. *Lehigh Valley R. R. Co.*, 211 id. 177.)

Furthermore, we are of the opinion as the evidence stands that the plaintiff has not been adequately compensated for the services and material furnished. Taking into consideration the circumstances and probabilities, the claim of the defendants that there was an agreement to do the whole work at a fixed price, less than one-half of its fair value, seems not to be supported by sufficient credible evidence.

We think in the interest of justice a new trial should be granted. (*Hurley* v. *Metropolitan St. R. Co.*, 87 App. Div. 66; *Miller* v. *Barker, Rose & Clinton Co.*, 173 id. 186.)

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event.