FEDERAL CONCRETE COMPANY, INC., Respondent, *v.* A. MINEO (First Name Unknown) and Others, Defendants, Impleaded with EDMUND W. ROSE and Another, Appellants.

Fourth Department, May 13, 1925.

Contracts — building contracts — action to recover balance due — owner completed building as agent for contractor — record does not show amount spent in completing building — new trial granted.

In an action to recover an alleged balance due on a building contract, a new trial will be granted where it appears that the owner completed the building as agent for the contractor, and that the record on appeal does not show how much was actually spent by the owner in completing the work, so that the Appellate Division is unable to say whether the sum so spent was fair and reasonable.

APPEAL by the defendants, Edmund W. Rose and another, from a judgment of the County Court of the county of Erie in favor of the plaintiff, entered in the office of the clerk of said county on the 26th day of May, 1924, upon the decision of the court rendered after a trial at the Erie Equity Term.

*Thayer, Wisch & Van Norman* [*Wallace Thayer* of counsel], for the appellants.

*Brendel, Bagot & Magoffin* [*J. A. Magoffin* of counsel], for the respondent.

PER CURIAM:

We think the evidence fairly shows that there was an agreement between the owner and the contractor made in April, 1922, to do certain construction work for $11,452.30, in accordance with plans and specifications then understood and subsequently written out; that there thereafter came a time when the work was taken over by the owner as agent for the contractor; that at that time there was a balance of $6,434.72 of the contract price to which the contractor would have been entitled if he had finished the work according to the plans and specifications.

We are not willing to accept the figures of the witness Mesnard as conclusively showing the fair and reasonable cost of completion. We are unable, however, to determine from the present record how much was actually spent by the owner in completing the work originally contracted for and hence are unable to say whether the sum so spent was fair and reasonable.

This uncertain state of the record leads to the necessity of granting a new trial in the interest of justice. (*Nocero* v. *Denitto*, 212 App. Div. 363.)

The judgment should be reversed and a new trial granted, without costs to either party.

All concur. Present— HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the facts and new trial granted, without costs of this appeal to either party.