MATTHEW ZAMENICK, as Administrator, etc., of FRANK ZAMENICK, Deceased, Appellant, v. EASMAN & COMPANY, INC., ELMER APPLEGATE and PETER ANTUNOVICH, Respondents.— The automobile in which the plaintiff's intestate was riding as a passenger on the highway came into collision in the rear with a car that had just emerged from a private driveway and had turned to go in the same direction as that of the approaching car. Obviously there was negligence on the part of the driver of one or of both cars. There was practically no evidence of contributory negligence of the decedent, on which subject the defendants had the burden of proof, yet the verdict of the jury exonerated the defendants. This verdict was inconsistent with the facts, and does not indicate intelligent and discriminating consideration thereof. (See *Nocero* v. *Denitto*, 212 App. Div. 363, 365.) This court cannot determine the question of liability, which must depend not only on facts established, but also on the reasonable inferences to be drawn therefrom by the jury. There were errors in the charge, particularly in the general language concerning contributory negligence, without stating any rule for the guidance of the jury as applied to the facts of this case, and in failing to make more clear the doctrine of concurrent negligence as requested by plaintiff's counsel. (*Burd* v. *Bleischer*, 208 App. Div. 499.) Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.