■ ANGELO FERRARO, Appellant, v. ALFRED H. SIERADSKI et al., Respondents.— Appeal by plaintiff from a judgment of the Supreme Court entered March 7, 1956, in Ulster County, upon a verdict in favor of plaintiff rendered at a Trial Term and from an order entered January 18, 1956, denying a motion by plaintiff to set aside the verdict and for a new trial on the ground that the verdict was inadequate. Plaintiff, who brought this action in negligence, claimed to have been injured on February 3, 1954, when his employer's motor vehicle, operated by him, was struck from the rear by the defendants' automobile. The principal injury claimed was a herniation of the intervertebral disc at the lumbrosacral interspace. The jury returned a verdict of $24, which plaintiff moved to set aside. The trial court indicated by memorandum that the motion would be granted unless defendants stipulate that the verdict be increased by $750. Such a stipulation having been filed, judgment was entered accordingly and the motion denied. The proof offered a number of possibilities as to the cause of whatever injuries plaintiff sustained. These included the accident upon which the action was predicated; an incident during work, two weeks later according to one medical history or a month later according to plaintiff's testimony; and a second automobile accident about seven months after the first. Other possibilities were, of course, that injuries due to one incident were aggravated by another; that they arose from some cause not shown; or that they did not occur at all. Prior to the trial of this action, plaintiff commenced and compromised for $5,000 an action arising out of the second automobile accident although, according to his original testimony in this action, he sustained no injury or loss and received no medical treatment as a result of the latter accident. However, it was shown that the accident was of such severity as to result in the sale for junk of the car involved, that plaintiff reported a sprained back in his report to the Motor Vehicle Bureau and that he received medical treatment for some time from a physician who was not called as a witness. To certain doctors he gave no history of the first accident and to others none as to the second. Among the eight physicians who testified, certain had treated plaintiff, others had examined him on behalf of the respective defendants in the two actions and others on behalf of an insurer under the Workmen's Compensation Law From their varying testimony and conclusions, support may be found for one or more of all the above suggested alternative causes of plaintiff's injuries, as well as a denial of any disc herniation or other major injury. The doctor who first examined plaintiff following the first accident failed to refer to any back complaint in either of two reports which he rendered. This fact is mentioned as of possible relevance to the consideration of appellant's argument here. This physician's bill was for $24 and appellant urges that the verdict in that amount represented this element of special damage and that the jury obviously awarded no other special damages and nothing for pain

and suffering. This situation presents, he argued, not the normal case of an inadequate verdict which may be increased as a condition to the denial of plaintiff's motion, but a result reached contrary to law and to the instructions of the trial court so that plaintiff became entitled to a new trial as a matter of right and no conditions could be imposed upon the granting of his motion. The verdict, however, was a general one, however arrived at, and we find nothing in the situation here presented to differentiate this concededly inadequate award from any other verdict subject to correction. Appellant also urges, understandably, if not with complete logic, that we may and should exercise the power which he would deny to the trial court and conditionally increase the verdict further. We consider, however, that the many uncertainties and contradictions in the testimony of the numerous medical experts, to say nothing of the questionable conduct and testimony of the plaintiff, rendered the determination of credibility, as well as the evaluation of damage, matters particularly fitting and appropriate for the exercise of the trial court's judgment. Upon this record, we are unable to say that the amount fixed is unsupported by the preponderance of the evidence or that the trial court's supervision of the verdict was otherwise unreasonable. (See *Mann* v. *Hunt*, 283 App. Div. 140.) Judgment and order unanimously affirmed, with costs to respondents. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.