John J. McCall, J.
In this cause of action for personal injuries, plaintiff has recovered against the defendant in the sum ,of $2,885. Plaintiff has moved that the verdict be set aside as inadequate and that a new trial be had, limited to the issue of damages. Defendant moved against the verdict generally on all of the grounds set forth in CPLR except that of excessiveness and in addition argues that if the verdict be found inadequate there be an entire new trial on all issues.
In approaching the decision of this motion, the court is fully aware of the fact that the fixation of damages is peculiarly the function of the jury. No compilation of citations to substantiate that point is necessary. This jury was charged that the court was in no position to give them a norm or standard as to the Value of injuries and that the matter vested in the exercise of their plain, common sense. True as it is that the amount lies within the judgment of the jury, there is no dispute that the court has the power to set aside a verdict that is inadequate or excessive. For the reaching of such a determination there are general legal standards of adequacy, consisting mainly of the collective judgment of the years. In squaring a verdict with these standards the court mu'st be careful not to substitute its judgment for that of the jury; it is not a question of the court’s disagreeing with the amount but rather of the court following a conscience formed in the light of existing standards of propriety as to the amount of the verdict. Looking at the verdict of $2,885 and the record, the court finds plaintiff proved special damages of $2,228 (any finding she did not sustain them wlould be contrary to the weight of the evidence), leaving the sum of $657 as an award for the pain and injury. Plaintiff suffered a deep, long linear cut on the right side of her neck, penetrating the skin, the muscle and exposing the glands, a laceration of the knee with sutures, contusion of the other knee, *879 and low back injury. The permanency involved was a scar at the site of the neck laceration which the jury saw at the time of the trial. The jury could fairly say that the ultimate cosmetic damage was not too serious, yet would have to draw the conclusion that in the interim between the accident and the trial such was not always the case. There was proof of pain, and medical proof of the causation of the same by the injuries. At the outset the plaintiff received m'ore than normal amounts of sedation. The conclusion is inescapable that the amount is inadequate.
There remains the question whether or not the new trial should be limited to the issue of damages or the whole case be retried. If it appears that the proof on the issues was inextricably interwoven or that error on some issues tainted findings on others, the court should exercise its discretion in favor of an entire new trial. The most common form of error requiring the resubmission is the existence of a “ compromise verdict ”. By a tit-for-fat process jurors favoring no liability will yield to those favoring high damages by agreeing to liability with a reduced award. Such action is bound to result in what would be an inadequate verdict if it were otherwise correct. Unfortunately such results are not rare and the court must not tolerate one if found. Caution must be the byword, however, in evaluating the situation, for the right to enter the realm of the jury is limited. Not every inadequate verdict is ipso facto a compromise; careful scrutiny of the record is a prerequisite to the ultimate determination. Inadequacy can come from niggardly 12 men as well as from compromising ones.
Defendant lays great emphasis on language in Mercado v. City of New York (25 A D 2d 75). At page 77 therein this statement appears: “ The determination of the liability issue is the basis of and inherent in a general verdict for the plaintiff in a personal injury or wrongful death action. Where the questions of negligence and freedom from contributory negligence have been fully and fairly tried and properly submitted to the jury, and the record is free from error affecting the trial or submission, then, the verdict, if supported by the evidence, may be properly accepted as c'onclusively settling the same”. Again, at page 78, and the defendant here quotes this: ‘ ‘ The verdict as to liability is well supported and the trial court expresisly denied defendant’s motion to set it aside as against the weight of the evidence”. It is true that the Mercado Case involved an excessiveness issue and the new trial was limited to damages, yet the same test is to be applied to the liability issue here to see if it has been tainted by compromise.
*880 Liability here centered around the question: who had the green light at a controlled intersection? Plaintiff swore she approached ¡at 18 miles an hour, had the green light, looked right, saw no cars, and proceeded through and was suddenly hit. Defendant testified he was one-half block from the intersection, was going 20 miles an hour, saw the light turn green, accelerated a little to no more than 25, went ahead and hit the other car, seen in a flash just before. A passenger in the defendant’s car testified the light Was green for the defendant, but, in a prior signed statement given a short time after the accident, stated he did not see the light. The condition of the cars, plaintiff’s being wrecked beyond repair and the front of the defendant’s car being greatly pushed in, could indicate to the jury that the impact was one of such a force that Would be generated by a speed much in excess of 25 miles per hour. The court told the jury that it was strictly a question of fact as to negligence and that the weight of the evidence was for them to determine. Quoting -the court in Nemeth v. Terminal Cleaning Contrs. (30 A D 2d 518) as to -evidence of this character, this court describes it thus: ‘ ‘ The inconsistencies and conflicts in the record to which the trial court adverts in its discussion of the issue of liability seem to us of the kind traditionally amenable to jury resolution ’ ’. Again, at a later place the court said: “ The finding of liability was, as above indicated, within the range of reasonableness, and the record discloses no reason why the question of damages, *' cannot properly or adequately be submitted to a jury independent of a consideration of the proofs bearing on the liability issue ’ (Mercado v. City of New Yorlc, 25 A D 2d 75, 78) ”.
This record doeis not indicate a compromise between liability and damage but on the contrary -shows the liability decision had support in the evidence. Defendant’s contention that, if dispute is sharp as to the liability, there must be a compromise, is not well taken. Trial after trial juries decide sharply disputed -questions presented on Conflicting and contradictory evidence, for such is their function. One can only say they fail to perform properly -when the findings are against the weight of the evidence -and it is only then that the stigma of compromise should be attached to their work.
The motion of the plaintiff for a new trial, limited to the issue of damages, i-s granted; the motions of the defendant pursuant to OPLE 4404 are denied with appropriate exceptions.