Charles H. Cohen, J.
The question presented by plaintiff’s motion to set aside the jury verdict is whether the verdict may stand where the jury found that defendant was liable but failed to award plaintiff any damages for personal injuries despite a concession by defendant that plaintiff had sustained a "serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law.
Plaintiff sought to recover damages for his personal injuries and for property damage to his motor vehicle arising out of an incident which took place on May 17, 1976. There was no real dispute over the fact that the front of defendant’s vehicle struck the rear of plaintiff’s vehicle. There was a sharp dispute concerning the severity of the impact and the extent of plaintiff’s damages. However, defendant did concede that there was no "threshold” question under the "no-fault law”. As a consequence of this concession, it followed that plaintiff is deemed to have incurred a "serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law. Since there was no evidence of death, dismemberment, disfigurement, fracture, or permanent loss of use of a body organ, member, function or system as set forth in paragraph (a) of subdivision 4, the concession apparently related to paragraph (b) of subdivision 4 to the effect that "the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, X-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars”. There was evidence that plaintiff had received medical, hospital and X-ray services.
*534 The jury awarded plaintiff $150 on his property damage claim of $287.24, but awarded him nothing on his personal injury claim. However, the jury having found that there was liability under the law of negligence by virtue of their award of damages to plaintiff for property damage, and the defendant having conceded that there was a "serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law, the jury could not refuse to award plaintiff damages for the injury sustained and pain and suffering incurred.
While no reported case has been found on this point arising under the "no-fault law”, it is no different, in principle, from the long-standing rule that upon a finding of liability a verdict that takes no account of injuries sustained and pain and suffering incurred, cannot stand. (Sheehan v Coffey, 201 App Div 87; Harris v Scher, 63 Misc 288; Boutte v Thomas, 105 NYS2d 23; see, also, Ferraro v Sieradski 4 AD2d 735.) Thus, in Sheehan v Coffey, (supra) a verdict for the plaintiff in the amount of $235, the amount of the physician’s bill, was set aside. In Harris v Scher, (supra) a verdict for the plaintiff in the amount of $300, which the court regarded as merely covering loss of earnings and doctor’s fees, was set aside. In Boutte v Thomas (supra) a verdict for the plaintiff for his personal injuries, limited to his medical expenses, was set aside. If anything, the situation presented here is even stronger in favoring the motion to set aside the verdict since this court does not have to assume, as the courts in those cases apparently had to assume, that the jury made no award for injuries sustained and pain and suffering incurred. (See, also, Blackwelder v Service Liq. Distrs. of Cent. N. Y., 36 AD2d 678; De Luca v Wells, 58 Misc 2d 878.) There is no such problem here. By virtue of the concession, the reasonable and customary charges for the medical, hospital and X-ray services necessarily performed as a result of plaintiff’s injury exceeded $500, while the jury explicitly awarded nothing at all for the injury sustained and pain and suffering incurred.
As indicated, the jury verdict with respect to plaintiff’s damages for personal injuries cannot stand. However, there is no reason why the verdict with respect to liability cannot stand and there is no reason why the entire verdict with respect to the property damage claim cannot stand. The evidence submitted overwhelmingly favored a finding of liability on the part of the defendant. Further, the jury was well within its province in awarding part of the amount claimed *535 for property damage. Liability and damages here "are neither intertwined nor the result of a trade-off of a finding of liability in return for a compromise on damages”. (Figliomeni v Board of Educ., 38 NY2d 178, 182.) The jury simply failed to make any award for injuries sustained and pain and suffering incurred. While it was within the province of the jury to determine the amount of damages to be awarded plaintiff for this item, the jury could not, consistent with the concession of a "serious injury”, award plaintiff nothing.
Accordingly, plaintiff’s motion is granted to the extent of setting aside the verdict with respect to damages for personal injuries and directing a new trial, limited only to the issue of damages for personal injuries sustained and pain and suffering incurred.