MENNIE HARRIS, Respondent, *v.* BARNEY SCHER, Appellant, Impleaded with NEW YORK CITY R. CO., Defendant.

(Supreme Court, Appellate Term, May, 1909.)

Damages — Measure for torts — Personal injuries — Physical suffering. New trial — Grounds — Verdict or findings contrary to law or evidence — Inadequate damages.

> In an action for personal injuries plaintiff is entitled to recover some compensation for pain and suffering; and, where the uncontradicted evidence shows that he was confined to his bed for seven weeks, lost $204 in earnings and expended $100 for medical attendance and medicines, an order setting aside a verdict for $300 as inadequate will be affirmed.

APPEAL by the defendant Scher from an order of the City Court of the city of New York, setting aside a verdict in favor of the plaintiff, on the ground that the damages awarded were insufficient.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.

Louis Steckler, for respondent.

*Per Curiam.* The action was for personal injuries. No defense was offered. The plaintiff secured a verdict for

three hundred dollars, which the defendants do not contest, but which, upon plaintiff's motion, was set aside as inadequate.   The plaintiff furnished a bill of particulars from which it appeared that he had been earning twelve dollars a week, and lost this sum for a period of seventeen weeks, dur- . ing which he was unable to work; also that he paid about eighty dollars for doctor's fees, and twenty to twenty-five dollars for medicines.   All these sums, two hundred and four dollars loss of earnings and, approximately, one hundred dollars for medical expenses, were proved on the trial. There was no attempt to question the doctor's charges.   It also appeared that plaintiff was actually unable to work for the period mentioned, and was actually confined to his bed for seven weeks.   Under these circumstances the verdict was clearly inadequate and also " inconsistent with any fair deduction from the evidence."   If entitled to recover at all, he was entitled to some compensation for his pain and suffering.   This the jury failed to consider or award, confining themselves to giving him only the loss of earnings and doctor's fees.

The order setting aside such a verdict was right and should be affirmed, with costs.

Present: Gildersleeve, Dayton and Goff, JJ.

Order affirmed, with costs.