FRANKLIN G. SHOEMAKER, PLAINTIFF, v. EDWARD ELIN AND HELEN ELIN, DEFENDANTS.

FRANKLIN G. SHOEMAKER ET UX., PLAINTIFFS, v. EDWARD ELIN AND HELEN ELIN, DEFENDANTS.

MARY E. DUNICAN, PLAINTIFF, v. EDWARD ELIN AND HELEN ELIN, DEFENDANTS.

AMELIA L. WEDEKIND, PLAINTIFF, v. EDWARD ELIN AND HELEN ELIN, DEFENDANTS.

WILLIAM JACKSON COOPER, PLAINTIFF, v. EDWARD ELIN AND HELEN ELIN, DEFENDANTS.

Decided November 24, 1926.

Negligence—Motor Vehicle Collision—Four Suits Against Defendants—All Injured Parties in Car of One of the Plaintiffs—Awards For All Plaintiffs, Which was Claimed Inadequate and a Rule to Show Cause Allowed Them—Facts in Each Case Considered, and Award in Each Held Inadequate—New Trial in Each Case Ordered on Amount of Award Only.

On plaintiffs' rules to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rules, *Alexander R. De Sevo* (*Alexander Simpson,* of counsel).

*Contra, John S. Applegate & Son.*

PER CURIAM.

These actions were tried together in the Monmouth Circuit, and resulted in verdicts for the respective plaintiffs against the defendants in the following amounts: For Franklin G. Shoemaker, $250; Franklin G. Shoemaker and wife, $200; Mary E. Dunican, $5,000; Amelia L. Wedekind, $250; William Jackson Cooper, $800.

A rule to show cause was allowed, at the Monmouth Circuit, in each case, why the verdict therein should not be set aside upon the ground of inadequacy of the damages.

The actions arose out of a collision which took place at Asbury Park, on August 8th, 1924, between an automobile belonging to Edward Elin, and driven by his wife, Helen Elin, and a motor car owned by the plaintiff Cooper, and driven by the plaintiff Franklin C. Shoemaker. All of the plaintiffs were in the latter car at the time of the collision, and all were injured, and each one received a verdict as above stated.

We think the damages in each case were grossly inadequate. In the case of Mrs. Mary Dunican, it appeared that the injuries she sustained, as a result of the collision, were a "fracture of the fourth dorsal vertebra, fracture of the base of the neck, of the backbone, and tearing off of the protuberance to which muscles are attached for the hip." In plain terms, she sustained a broken back, of that portion between the upper parts of the shoulder blades and the spine; she was in the Long Branch Memorial Hospital from August 8th, 1924, till May 12th, 1925. During six months of the time her entire body was in a plaster cast and one leg; when she left the hospital she was unable to walk without the aid of crutches or a brace. At the time of the trial, about fifteen months after she received her injuries, she was only able to walk a few steps with the aid of a brace, to prevent her bearing weight, and crutches, and with human assistance. The prognosis of Dr. Moffatt, in respect to Mrs. Dunican's further physical condition, resultant from her injuries, was that he expected her to "improve to some extent; that is, to

63

the extent that eventually she may be able to do away with the crutches and possibly go from room to room with a cane," and that he was not certain as to that; but that was the best he could hope for. The doctor's bill, exclusive of the hospital's, up to the time of the trial, was $560. The hospital expense is $2,296, and her other expenditures amount to $143. So that in deducting these items it appears that the jury awarded her about $2,000 as compensation for her past and future pain and suffering and altered physical condition. The verdict is so obviously inadequate that it shocks the sense of justice. The verdict is set aside and a new trial ordered as to damages only.

Now, as to the verdict of $800 in favor of Mr. Cooper. He was eighty-one years of age at the time of the trial. He was the owner of the car. According to the testimony of Dr. Beveridge, Mr. Cooper was in good physical condition before the accident. The physical injuries he sustained "were various bruises and contusions about the body and an injury to his left side, and especially his left hip." The doctor further testified that as a result of the injuries Mr. Cooper became "very helpless; absolutely helpless." He was not out of bed for a month, and, after that, another month elapsed "before he could move about any to help himself;" that he, the doctor, noticed a change in the physical condition of Mr. Cooper from that it had been before the accident, in that Mr. Cooper was both mentally and physically enfeebled, which condition the doctor ascribed to the injuries, and which condition he opined would be permanent.

As to the damage done to the automobile, it is conceded in the brief of defendants' counsel that $400 was adequate compensation for the property damage, but even if this be so, the award of $400 for pain and suffering and the permanently altered physical and mental condition of Mr. Cooper is so absurdly out of proportion to what is commonly understood in sound sense to be proper and adequate compensation, that it necessitates the setting aside of this verdict as grossly inadequate. The verdict is set aside and a new trial ordered as to damages only.

We next come to the consideration of the alleged inadequacy of the verdict of $250 to Mr. Shoemaker. We have reached the conclusion, in view of the nature of the injuries sustained by him, that this verdict is clearly inadequate, and for that reason is set aside and a new trial granted as to damages only. We have also arrived at the same result as to the verdict of $200 in favor of Agnes Shoemaker, who, according to the evidence, was injured about her spine, and her right hand, the ring finger being broken and crushed, and part of it being gone; she had a big laceration of the breast and a cut on the right side of her nose. She was under the treatment of Dr. Beveridge for a period of three weeks, and she was also under treatment of Dr. Wardell, who attended Mrs. Shoemaker ten days after she received her injuries up to the time of the trial, and whose bill for medical services was $250. This verdict is set aside and a new trial ordered as to damages only.

The verdict of $100 in favor of Amelia L. Wedekind, who suffered a fractured rib on the right side, a wrenched back and had cuts and bruises on her body, and was under treatment of Dr. Beveridge for three weeks, is obviously so grossly inadequate as to need no comment. This verdict is set aside and a new trial ordered as to damages only.