Cases in the Court of Errors and Appeals, Supreme
Court, Court of Chancery and Prerogative Court,
not included in the official reports,
also
Cases in the Lower Courts

---

JOSEPH ELLIS, PLAINTIFF, v. NORTH HUDSON AUTO BUS
COMPANY, DEFENDANT.

Decided December 9, 1926.

**Negligence—Injury to Municipal Fireman When Fire Truck was
in Collision With Defendant's Bus—New Trial as to Damages Only.**

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the plaintiff, *Hirschberg & Rubenstein.*

For the defendant, *Truex & Koch.*

PER CURIAM.

The action was tried before the court and a jury in the
Hudson Circuit, and a verdict went for the plaintiff for
$2,300.

The plaintiff, while serving as a fireman of West New
York, was injured in collision with defendant's bus, while

(1)

standing on the running-board of the fire truck enroute to a fire.

The plaintiff's rule is based upon the inadequacy of the damages allowed, and he asks for a new trial as to damages only.

The plaintiff was twenty-nine years old, and sustained a comminuted fracture of the tibia and fibula of the left leg, and a fracture of the metatarsal of the right foot, as well as a three-quarter-inch shortening of his leg. He was confined to the hospital for four months, and to his home three months. He incurred a medical bill for $600, but he makes no claim for loss of his past wages.

The defendant reasons that the verdict was of a compromise character, the jury evidently not considering that the defendant was negligent, but upon humanitarian grounds indulged in a species of "Crowners Quest law," based upon the theory that one can afford to be generous and liberal with another's property.

We must, however, in view of the verdict for the plaintiff, recognize the liability of the defendant, and in view of that fact we conclude that as to the question of damages only a new trial should be ordered.

The rule will be made absolute for that purpose.