# Wytheville.

CLARA A. HOWELL AND ARDEN HOWELL, JR. v.
LILLIE J. MURDOCK.

June 18, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Hudgins, JJ.

The opinion states the case.

*David Meade White* and *Archibald G. Robertson,* for the plaintiffs in error.

*Thos. A. Williams* and *Lovenstein & Lovenstein,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This is an action brought by Mrs. Lillie J. Murdock against Mrs. Clara A. Howell and Arden Howell, Jr., to recover damages for personal injuries received by her in an automobile collision, alleged to have been caused by the negligence of Arden Howell, Jr., who, as the agent or servant of Mrs. Clara A. Howell, was driving the automobile which ran into the rear end of the automobile driven by Mrs. Edith Luck, in which Mrs. Murdock was riding as the guest of Mrs. Luck.

The collision here in question occurred on January 7, 1928, about 7:30 P. M., on the Cary street road, a much traveled road leading from the Country Club into the city of Richmond, and at a point within the city about one and a half blocks from the bridge on which this road crosses the belt line tracks of the R., F. & P. Railroad Company.

The night was very dark and there was a dense fog, which the witnesses for both sides describe as one of the worst fogs which has ever been seen in the vicinity of Richmond, and

agree that it seemed to be even denser in the general locality of the point of the accident than elsewhere. So dense was the fog that the witnesses for both sides say that an object, even within the range of the headlights of a car, could not be seen by the driver when more than a few feet from the front of the car, about eight feet, according to the maximum distance mentioned by any witness. But the evidence shows that the glare from the headlight of a car going in the same direction as the observer could be discerned at a somewhat greater distance, and that the red tail light of a car could be discerned at a still greater distance; one of the witnesses for the plaintiff says at a distance of from a half block to a block.

The Howell car was a Pontiac coach. The Luck car was a 1924 model Ford touring car. Both cars were traveling east, going into the city, and were keeping to the right of the road. The Howell car overtook and ran into the rear of the Luck car, struck it on its right rear side, and overturned it.

Mrs. Howell and her son, Arden Howell, Jr., were the only persons in the Howell car. Mrs. Luck, her daughter, her son, Ben, nine years old, Mrs. Murdock, Mrs. Cole (the mother of Mrs. Luck and Mrs. Murdock), and D. C. Powers, an employee of Mr. Luck, were in the Luck car. The occupants of the Howell car are the chief witnesses for the defendants and the occupants of the Luck car the chief witnesses for the plaintiff on the question of the right of recovery.

The negligence charged by the plaintiff is that Arden Howell, Jr., was driving his car at a reckless rate of speed under the existing conditions, and was not keeping a proper lookout. The defendants deny these charges of negligence, and assert that Mrs. Murdock was guilty of negligence which caused or, at least, contributed to causing the collision, the contributory negligence charged being that she was riding on a foggy night in a car which she knew had no red tail light burning.

The positive testimony of the defendants is that they were both keeping a careful lookout; that the tail light of the Luck

car was not burning, and that they did not and could not see the car until it loomed up only a few feet in front of them; Arden Howell, Jr., says two feet in front of them. On the other hand, the testimony of those in the Luck car is equally as positive that the tail light on their car was burning and showing red when they set out for this trip, and Powers and Ben Luck testify that only a few minutes before the accident they had gotten out and walked around the rear of the car, and it was burning then.

But even if the tail light was not burning at the time of the accident, there is no evidence tending to show that Mrs. Murdock knew, or ought to have known, that it was not burning. The charge of contributory negligence on the part of Mrs. Murdock, who was a guest in the car driven by Mrs. Luck, is not supported by the evidence.

The only evidence as to the speed at which the Howell car was traveling is the testimony of Arden Howell, Jr., and the statements made by him just after the accident; the testimony of Mrs. Howell and the fact that the force of the impact was such as to overturn the Luck car. Mrs. Howell testifies that it had taken them about forty minutes to drive the 11.9 miles from their home to the place of the accident, and that Arden Howell was driving very cautiously when the accident occurred. Arden Howell, Jr., testifies that he "was driving very slow," and, when he got about a block from where the collision occurred, he noticed that the fog had become denser and 'slowed down even slower than he had been driving.' However, he admitted that just after the accident a man at the scene had said in his hearing that the driver of the Howell car "must have been going thirty-five or forty miles an hour," and that he (Arden Howell, Jr.) had said: "I was driving that car. I don't know how fast I was going, but certainly not over twenty-five or thirty."

The car driven by Mrs. Luck was either standing still or was running very slowly in low gear. Arden Howell testifies that

it seemed to be standing still. The testimony of those in Mrs. Luck's party is to the following effect: She had been driving about fifteen miles an hour, but when she got near to where she knew the Belt Line bridge was the fog became denser, and she feared that she might miss the bridge. So she stopped her car, and Mr. Powers and her son, Ben, got out and walked ahead of her car to direct her course, walking a few feet to the front and right of the car, and when the collision occurred she was driving just fast enough to follow them as they walked ahead.

There is, however, some testimony which tends to impeach the testimony of the witnesses for the plaintiff, that Powers and Ben Luck were walking just in front of the Luck car at the time of the collision and to show that they had walked ahead some distance to locate the bridge and had not returned at the time of the collision.

Both Mrs. Murdock and Mrs. Luck were injured, and each brought her action against Mrs. Howell and Arden Howell, Jr., to recover damages therefor. By agreement of the parties, the two actions were heard together by the same jury upon the same evidence.

Mrs. Murdock had her right ankle badly crushed and a compound fracture of the bones of the ankle joint. She also received some minor injuries to her knees and about her body. As a result of her injuries she was confined to her bed for about three months, and incurred doctors' bills and hospital expenses aggregating $295.00. At the time of the trial, over eighteen months later, her ankle was still stiff, and the doctor who treated her testified that she would have trouble with her ankle "off and on to some extent" the rest of her life. There was no conflict in the evidence as to the nature or seriousness of her injuries, or the amount of the expenses incurred by her on account thereof.

Mrs. Luck's injuries were less serious than those of Mrs. Murdock.

No exceptions were taken to any of the instructions given by the court, nor does it appear that any instruction asked for by either Mrs. Murdock or Mrs. Luck was refused.

The jury returned a verdict in favor of Mrs. Murdock for $300.00, but in Mrs. Luck's case it returned a verdict in favor of the defendants.

Mrs. Murdock moved to set aside the verdict in her favor on the grounds that the verdict was contrary to the law and the evidence, and that the damages awarded were inadequate. Mrs. Luck moved to set aside the verdict for the defendant in her case, on the ground that the verdict was contrary to the law and the evidence.

The court set aside the verdict in favor of Mrs. Murdock on the "ground that the damages awarded her by the jury were inadequate" and granted her a new trial, but limited the new trial to the question of the amount of damages.

In Mrs. Luck's case it set aside the verdict on the "ground that the same was contrary to the law and the evidence," and granted her a new trial on all issues.

A new trial was had in Mrs. Murdock's case, limited to the question of the amount of damages, in which the jury returned a verdict in favor of Mrs. Murdock for $1,500.00, upon which verdict the court entered judgment. To this judgment a writ of error has been granted the defendants.

The plaintiffs in error make only two assignments of error:

(1) The court erred in setting aside the verdict of the jury for $300.00 on the first trial; and

(2) If the court was correct in setting aside the verdict in the first trial, it erred in not ordering a new trial upon the issues of the right of recovery, as well as upon the issue of the amount of damages.

The decided preponderance of the evidence shows that Arden Howell, Jr., was guilty of negligence, and that the plaintiff was not guilty of contributory negligence, and all the evidence is to the effect that the plaintiff was seriously injured,

and that the plaintiff is entitled to recover substantial damages in addition to her hospital and medical bills, if anything.

We are, therefore, of the opinion that the verdict of the jury is legally inadequate, and that the court did not err either in setting aside the verdict returned at the first trial and granting a new trial, or in limiting the new trial to the question of damages.

*Affirmed.*