# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## C. D. KENNY COMPANY v. MAURICE SOLOMON.

March 24, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Chinn, JJ.

The opinion states the case.

*S. Burnell Bragg,* for the plaintiff in error.

*A. L. Bivins,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Maurice Solomon instituted his action against C. D. Kenny Company, for damages for personal injuries alleged to have arisen out of a collision between two automobiles, and the jury found a verdict in his favor for $2,500.00, which was approved by the trial court.

C. D. Kenny Company operated one of its stores in Newport News and had in its employ one Cramer, who drove a Chevrolet delivery truck to deliver goods to the customers. He was driving this truck west on Twenty-fifth street about five o'clock, P. M., following traffic, which was heavy, at a speed of approximately fifteen to twenty miles per hour. Automobiles were parked on both sides of the street which is about twenty-five feet in width. Cramer was driving immediately behind a large truck and just before Orcult avenue was reached the large truck suddenly stopped. Cramer applied his brakes and his Chevrolet truck skidded to the center of the street, which was at the time wet and slippery. Solomon was riding as a guest of one Hunt in a Ford roadster and traveling east on Twenty-fifth street or in an opposite direction to the Chevrolet truck, at about ten miles per hour. The truck which was being operated by Cramer collided with the Ford roadster, which was operated by Hunt, and the collision resulted in an injury to Solomon who sued C. D. Kenny Company, and recovered a verdict in his favor.

There are three assignments of error. The first one grows out of these facts: Five days after the trial of the

case motion was made by counsel for C. D. Kenny Company, to have some reputable physicians and dentists examine Solomon to ascertain whether he was suffering as a result of some focal infection which may have been responsible for the stiffness in his neck and his pain and suffering. The court overruled this motion and this ruling is made the subject of the first assignment. We are of opinion that the trial court committed no error in overruling this motion. There is no merit in the assignment.

The second assignment is that the verdict is without evidence to support it and is contrary to the law and the evidence.

In so far as the liability of C. D. Kenny Company is concerned we are of opinion that the evidence is sufficient to support the verdict. The testimony was in serious conflict regarding the negligence of the driver of the C. D. Kenny Company's truck, and the jury, by their verdict, have settled the conflicts in the testimony adversely to the plaintiff in error regarding its liability. Under the well recognized rules of this court the verdict has closed this question so far as we are concerned. No detailed discussion of the evidence is necessary.

The third assignment presents a more serious difficulty. In this assignment the plaintiff in error contends that the verdict is excessive.

The evidence discloses that the defendant in error received a blow on the head, which did not render him unconscious, a cut on the leg and a bruise on the shoulder. He testified that he did not go to a hospital for treatment of his injuries, but went home; that the accident occurred on Tuesday and he worked on the following Wednesday, Thursday, Friday and a portion of Saturday; that on Tuesday night, he went to the office of Dr. Loeb who treated him then and continued to treat him every day for some two weeks and then he was attended by Dr. Sinclair who treated

him until October 16th, when he was sent to the Chesapeake and Ohio Hospital at Clifton Forge, where he remained for three weeks and then returned to work on November 6th. He testified that he lost thirty-four days from his work which represented a loss to him of some $200.00; that he received a bill from Dr. Loeb of $35.00 and drug bills of some $40.00.

Dr. Loeb testified that he treated the defendant in error practically every day from September 17th until October 2nd; that when he first called for treatment he was examined and a bruise as large as a silver dollar was found on his shoulder, a bruise on the arm, a cut on the leg and two "swellings" on the head. He further testified that the defendant in error was "suffering considerably."

Dr. Sinclair testified that he saw the defendant in error in October; that he complained of soreness and stiffness between his neck and shoulder; that he found no objective symptoms that is, there were no bruises or swellings of any kind and "what we had to go upon was entirely subjective symptoms, the symptoms that he complained of;" that he had no outward appearance of any injury; that he found nothing wrong with any muscles and that from the symptoms complained of he might be suffering from torticollis produced by some focal infection. He further testified that the injury was not permanent but "from what I have told you I have not found any evidence of injury, so I could not say it is slight or severe. I would not know that the man had an injury if he had not told me."

In substance the foregoing is the evidence of the extent of the injury and of the damage sustained by the defendant in error. It clearly shows that he did not suffer any permanent injury and the trial court was so impressed with that fact that it instructed the jury that he could not recover for any permanent injury or for "any cost or damages sustained" after January 14, 1930. No exception was taken

by counsel for the defendant in error to this instruction. We are called upon to say whether the amount of the verdict of $2,500.00 is excessive under the evidence in the case, for the temporary injury sustained by the defendant in error.

The fact that it has been finally established as a matter of fact and law that the injury suffered was only temporary is helpful in determining whether the damages awarded are excessive. It is unlike those cases where the question of the permanency of the injury is left in doubt.

In personal injury actions, which merely sound in damages, where there is no legal rule for measuring them, the amount to be ascertained and awarded rests largely in the discretion of the jury, but if the amount awarded is greatly out of proportion to the injury suffered it may indicate that the jury were actuated by bias or prejudice, or that the evidence of the extent of the injury was disregarded. In arriving at the amount of damages it is the duty of the court to see that the jury approximates a sane estimate. Sometimes the size of the verdict alone is sufficient to indicate passion or prejudice on the part of the jury. In ascertaining whether a verdict is excessive, each case must be determined on its own facts. Consideration should be given to all the circumstances, such as the nature and extent of the injury; whether temporary or permanent; the amount of suffering endured as a result of the injury; the probability of future suffering; the expense incurred and the extent to which earning power has been impaired.

The general rule in Virginia is that the court will not disturb a verdict in a personal injury case unless it is so excessive that it reflects passion, partiality or prejudice. While the right to set aside a verdict on account of excessive damages is almost universally conceded, it is a right to be cautiously exercised and the appellate court will not exercise such right unless it can plainly see that injustice has

been done. *Norfolk & W. R. Co.* v. *Crull*, 112 Va. 151, 70 S. E. 521. But as said in the case of *Norfolk & W. R. Co.* v. *Nighbert*, 46 W. Va. 202, 32 S. E. 1032, "the finding of a jury is in no case, under the law of this State, beyond the healthful and salutary control of the courts. Strong as is the function of a jury as to damages, whether in cases purely sounding in damages for tort, or where the law fixes a standard, its power is not arbitrary and unlimited, and cannot be allowed to work injustice and oppression."

■ If the verdict is so disproportionate to the injury as to suggest the inference that it is not the result of fair, calm, and unbiased judgment of the jury, the verdict ought to be set aside as excessive.

In the case of *Chesapeake & O. Ry. Co.* v. *Arrington*, 126 Va. 217, 101 S. E. 415, 423, the court said:

"The law wisely leaves the assessment of damages, as a rule, to juries, with the concession that there are no scales in which to weigh human suffering, and no measure by which pecuniary compensation for personal injuries can be accurately ascertained. Nevertheless, it is an ancient and accepted doctrine of the common law, that judges have the power and are clearly charged with the duty of setting aside verdicts where the damages are either so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice, or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion. *Phillips* v. *London & S. W. Ry. Co.*, 8 Eng. Rul. Cas. 447, note, 5 Q. B. D. 78, 41 L. T. 121, 28 W. R. 10." See also the case of *Lorillard* v. *Clay*, 127 Va. 734, 104 S. E. 384.

■ The evidence shows that the injury received by the defendant in error was slight and temporary; that he was away from his work only thirty-four days; that his loss of wages amounted to only $200.00, and that he expended a

nominal amount for his medical and other expenses. In addition to these things he suffered a short time with stiffness in his neck. There is no evidence of extreme suffering or of any unusual pain.

While we think the defendant in error is entitled to some damages for his injury, our conclusion is that the award of $2,500.00 damages allowed by the jury is greatly out of proportion to the temporary injury sustained by him. The jury manifestly disregarded the evidence as to the extent of the injury. An injustice will be done if we permit the verdict to stand; therefore, the judgment complained of is reversed, the verdict set aside and a new trial is granted the plaintiff in error, but the new trial shall be limited to the sole question of the proper amount of damages to be awarded.

*Reversed and remanded.*

EPES, J., concurring in part.

I concur in the view taken by the court that the judgment should be reversed and the verdict of the jury set aside on the ground that the damages awarded are excessive. But I do not concur in the opinion of the court that the new trial to be had should be limited to the question of damages.

There is material conflict in the evidence relating to the question of the liability of the defendant; and there is sufficient evidence to support a verdict either for or against the defendant. The court, in its opinion, has held that the size of the verdict in and of itself shows that the jury was actuated by prejudice in reaching its verdict; and has reversed the judgment of the court on this ground alone. In such a case I do not see how the court may safely say that the prejudice of the jury was limited in its expression to the question of damages alone, and think a new trial should be awarded on all issues. See what is said on this subject in *Barnes* v. *Ashworth*, 154 Va. 218, 153 S. E. 711 and cases therein cited.