# Richmond

## THE H. A. SEINSHEIMER COMPANY V. CORALIE GREENAWAY.

### November 17, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Henry P. Thomas,* for the plaintiff in error.

*J. Randall Caton, Jr.,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This is a proceeding by attachment, brought by the plaintiff in error against the defendant, to recover a judgment in the sum of $4,079.98, and to subject the real estate of

defendant to the payment thereof. The right of recovery is based upon a guaranty contract, in writing, executed by defendant, and an alleged reaffirmation of the contract by letter.

C. P. McKenna, a relative of defendant, was a stockholder and manager of McKenna's, Incorporated, of Huntington, West Virginia, which mercantile firm for a period of years had purchased merchandise from the plaintiff. Becoming lax in the payment of its accounts, plaintiff demanded of McKenna's, Inc., security before making further shipments of merchandise. Thereupon, the defendant, on March 17, 1927, entered into the following contract:

"The H. A. Seinsheimer Co.,
    "Cincinnati, Ohio.
"Gentlemen:

"In consideration of one dollar ($1.00), receipt of which is hereby acknowledged, and in further consideration of your extending credit, or selling or delivering goods, to McKenna's, Huntington, W. Va., the undersigned generally and severally hereby guarantee the prompt payment to you at maturity, of all accounts owing, or that may hereafter be owing, by the said McKenna's, upon sales made, or for goods delivered, as aforesaid, by you, upon terms as stated in bills rendered, or upon written instructions, in accordance with their terms, to the extent of five thousand dollars ($5,000).

"It is understood that this is a continuing guaranty, to the extent of the sum of five thousand dollars ($5,000) until revoked by written notice to you.

"It is also understood that you are not required to give notice to the undersigned, of the different purchases, or the items of indebtedness incurred, or of the amounts thereof, and this guaranty shall not be affected by any extension of time of payment of the said indebtedness.

"And it is expressly agreed that immediately upon default of the payment of any bill or bills, indebtedness or obliga-

tion by the said McKenna's, at maturity, the undersigned will pay to you upon demand the amount thereof not exceeding the amount of five thousand dollars ($5,000).

"Signature, CORALIE GREENAWAY. (Signed)"

McKenna's, Incorporated, continued in business from the spring of 1926 until the fall of the following year, when it filed a voluntary petition in bankruptcy. Thereupon, plaintiff brought action by attachment, seeking to hold defendant liable by reason of her written guaranty.

Defendant relied on the defense that the accounts sued upon showed on their face that they were the obligations of C. P. McKenna, individually, and McKenna & Silvers Company, successors to C. P. McKenna, and not the obligations of McKenna's, Incorporated, which was the only account covered by the written guaranty.

Upon the trial, plaintiff sought to prove that in reality all of the above named firms were in fact one and the same. Defendant relied upon the weakness of plaintiff's case, and did not introduce any evidence. The court, at the conclusion of the evidence, instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that McKenna's, Incorporated, assumed the obligation of the McKenna & Silver Company to plaintiff on August 26, 1926, and that since that time sales have been made, or goods delivered, to McKenna's, Incorporated, as alleged in the pleadings, and the balance of said account is correct, as set forth in said pleadings, they shall find for plaintiff.

"The court instructs the jury that the defendant, under her guaranty contract, guaranteed to the plaintiff the prompt payment at maturity of all amounts owing or that thereafter may be owing by McKenna's, a corporation, Huntington, West Virginia, only and did not guarantee the payment of accounts then or thereafter owing by any other corporation or individual, and if the jury believe from the evidence that this suit is predicated upon an account against

C. P. McKenna, an individual, and not upon sales made or goods delivered to McKenna's, Incorporated, that then the jury must find for the defendant.

"The court instructs the jury if they believe from the evidence that the account upon which this suit is predicated carries a balance of indebtedness due the plaintiff from some person or corporation other than McKenna's, that such indebtedness shall not be considered by the jury as a part of the account guaranteed by the defendant under her contract, and if they further believe from the evidence that McKenna's, Incorporated, did not assume McKenna & Silver Company, Incorporated's, indebtedness to plaintiff at the time McKenna's, Incorporated, began business as McKenna's, Incorporated, and that since August 26, 1926, McKenna's has made any payments to the plaintiff, such payments since that date should be credited so far as the defendant is concerned, on the said McKenna's indebtedness to the plaintiff, and that the said defendant's liability on her account shall be determined in this case by the difference between the said credits and debits since August 26, 1926."

There was a verdict in favor of the defendant, which the trial court declined to disturb.

It is assigned as error that the court erred in giving the instructions quoted and in refusing certain instructions requested by the plaintiff, and in refusing to set aside the verdict and enter judgment for the plaintiff for the full amount claimed.

The assignments of error are so inter-related that it becomes unnecessary to consider them separately.

It is conceded by defendant in her grounds of defense that the contract involved is a contract of guaranty; therefore, it is not necessary to discuss the character of the written instrument.

As we view the case, the questions involved are: Did McKenna's, Incorporated, assume the obligations of McKenna & Silver Company to plaintiff? Did plaintiff

charge to McKenna's, Incorporated, sales made to C. P. McKenna personally? Has the full indebtedness covered by the contract of guaranty been discharged? Does the letter of defendant to plaintiff constitute a new promise to pay all outstanding indebtedness of McKenna's, Incorporated, to plaintiff?

The burden was upon the plaintiff to prove an assumption of the obligations of McKenna & Silver Company by McKenna's, Incorporated, that the merchandise charged to C. P. McKenna was for the use and benefit of McKenna's, Incorporated, that subsequent to August 26, 1926, sales were made to McKenna's, Incorporated, and that the balance alleged is correct.

The court, by the instructions quoted above, correctly imposed upon the jury the determination of these questions. It was not incumbent upon the defendant to introduce any proof. In a civil case a defendant has the option of making a motion to strike the evidence of the plaintiff from the case, demurring to the evidence, or awaiting the verdict of the jury.

The statement of account which is filed with the original and amended petition for an attachment, and upon which a recovery is predicated, clearly indicates that the items appearing thereon were charged to "McKenna-Silvers Company, C. P. McKenna's successor," to "C. P. McKenna," and to "McKenna's, Incorporated." The statement also shows that certain payments were applied to the McKenna-Silvers account and not to the account of McKenna's, Incorporated. The system of bookkeeping employed by the plaintiff is confusing, and the proof adduced to show that all of the items embraced in the account were covered by the contract of guaranty is not conclusive of the claim of plaintiff that the defendant is liable for the full amount for which the action was brought. However, from a fair analysis of the evidence, we are of opinion that the plaintiff is entitled to recover from the defendant the sum of $448.80,

with interest thereon from February 16, 1929, which sum we think clearly falls within the terms of the contract.

The judgment of the trial court will be reversed, and judgment will be entered in favor of the plaintiff in the sum of $448.80, with interest thereon from February 16, 1929.

*Reversed.*