# Richmond

ERASTUS C. RAWLE V. ANITA MCILHENNY.

November 15, 1934.

Present, Campbell, C. J., and Epes, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*Allen, Walsh & Waddell,* for the plaintiff in error.

*Perkins & Battle* and *C. Venable Minor,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This is an action, instituted by notice of motion for judgment, brought by Anita McIlhenny against Erastus C. Rawle, to recover damages for injuries to her person and property received on February 5, 1933, in an automobile collision, which she alleges was caused by the negligence of the driver of an automobile owned and operated by Rawle, while acting within the scope of his employment.

At the conclusion of the plaintiff's evidence in chief, Rawle moved the court to strike out all the evidence on the ground that it showed that the plaintiff's driver was guilty of negligence, chargeable to the plaintiff, which contributed to causing the injury.

The court overruled the motion. Rawle, after duly excepting to this ruling, introduced evidence on his behalf. After the introduction of evidence for both parties had been concluded, Rawle did not renew his motion to strike out the evidence. The case was submitted to the jury, which returned a verdict for Mrs. McIlhenny against Rawle for $1,500.

No motion to set aside the verdict was made by Rawle; but, on the other hand, Mrs. McIlhenny moved the court to set it aside on the ground that the damages awarded were "inadequate and insufficient in amount." Rawle resisted this motion; but the court, over his objection, sustained the motion, set aside the verdict only in so far as it fixed the amount of damages, and ordered that another jury be impanelled to try the single question of the amount of damages. To this ruling of the court Rawle excepted on the ground that the damages were adequate, and also that, as

the verdict was not so small as to indicate that the jury was influenced by any prejudice or improper motive, it should not be disturbed.

The second jury returned a verdict assessing Mrs. McIlhenny's damages at $5,000. Rawle moved the court to set this verdict aside on the ground (1) that the damages awarded were excessive, and (2) that the court had erred in setting aside the first verdict and "judgment should be entered on the former verdict." The court overruled Rawle's motion and entered judgment for Mrs. McIlhenny for $5,000. To this judgment Rawle has been granted a writ of error. He assigns only two errors:

(1) The court erred in overruling the motion to strike out the plaintiff's evidence on the ground that it showed plaintiff's driver was guilty of negligence, chargeable to her, which contributed to causing the injury.

(2) The court erred in setting aside the verdict of the first jury on the ground of inadequacy and in ordering another inquiry of damages.

██ While we are of opinion that the court correctly refused to sustain Rawle's motion to strike out, however this may be, he has waived his right to insist upon it by subsequently introducing evidence in his own behalf on the issue of liability.

██ A motion to strike out all the evidence is very closely akin to a motion for a compulsory non-suit or a motion for a directed verdict.[1] The principles with reference to waiver which apply to a motion to strike out made at the conclusion of the plaintiff's evidence in chief are correctly stated by Professor Wigmore in 5 Wigmore on Evidence (2d Ed.) section 2496, where he says:

"When an opponent, at the close of the proponent's case in chief, has made a motion asking in effect for the direction of a verdict, how is the opponent's situation affected by his subsequent conduct, with respect to a *waiver* of the motion?

"(1) In the first place, the opponent cannot claim a rul-

[1] *Limbaugh* v. *Com.,* 149 Va. 383, 392, 140 S. E. 133, 135.

ing by the judge, as a matter of right, if he makes the motion at the close of the proponent's case in chief *without then resting his own case.* At that point, he is only invoking the court's discretion; not until the entire evidence is closed may he demand a ruling as of right.

"(2) In the next place, it follows that the opponent *waives no right by going on to put in his own evidence* after the judge's refusal to rule against the proponent for insufficiency of evidence at the close of the proponent's case in chief. The opponent *may* therefore *renew the motion* at the close of the whole case on both sides, and is entitled to the benefit of the ruling, if in his favor at that time.

"(3) Conversely, however, he cannot take advantage of the judge's *original erroneous refusal* to direct a verdict for insufficiency at the time of the first motion, if he does *not renew* the motion at the close of all the evidence, or if at the time of the final motion the ruling *correctly refuses* to order a verdict for insufficiency; the court is at that time entitled to decide upon a survey of the whole evidence; and this survey naturally renders any prior error immaterial. This is sometimes put upon the ground of ·waiver; but it is rather a necessary consequence of the discretionary nature and limited scope of the first ruling."

What was done by this court in *Jones* v. *Hanbury,* 158 Va. 842, 164 S. E. 545, 546, accords with what is said by Professor Wigmore.[2] In that case, at the conclusion of the

[2] In *Limbaugh* v. *Com.,* 149 Va. 383, 140 S. E. 133, 135, and *Clarke* v. *Com.,* 159 Va. 908, 166 S. E. 541, at the conclusion of the Commonwealth's evidence in chief the accused moved to strike out all the evidence, which motion the court overruled. Thereupon accused introduced testimony in his own behalf; the case was submitted to a jury, and verdict of guilty returned. Upon a writ of error, this court held that the trial court's ruling in this particular was correct. The question of waiver by a subsequent introduction of evidence was not discussed or adverted to.

In *Va. Elec. & P. Co.* v. *Mitchell,* 159 Va. 855, 164 S. E. 800, 167 S. E. 424, the defendant moved both at the conclusion of the plaintiff's evidence in chief and of all the evidence to strike out the plaintiff's evidence. Both motions were overruled. This court disposes of both these motions in this language: "Regardless of our conclusion on the merits, we have no hesitancy in stating that there was no error * * * in overruling the two motions." It made no mention of the

plaintiff's evidence in chief, the defendant moved to strike out all the evidence. The court overruled the motion saying: "I think probably the jury will find it, but I will let the jury pass upon it." The defendant then introduced his evidence. At the conclusion of all the evidence no motion to strike out the evidence was made. The case was submitted to the jury which returned a verdict for the plaintiff for $4,500, which the defendant moved the court to set aside on the ground that the evidence was insufficient to sustain it. The court overruled the motion and entered judgment on the verdict for the plaintiff. In passing upon the assignment that the court erred in not sustaining the motion to strike out, the court said:

"A motion to strike out all the evidence of the plaintiff made at the conclusion of his evidence in chief is not in all respects the equivalent to a demurrer to the evidence.

---

effect upon the first motion of the subsequent introduction of testimony.

In *Shenandoah Milling Co.* v. *Phosphate Products Corp.*, 161 Va. 642, 171 S. E. 681, the defendant filed a statutory plea of recoupment asking a recovery over against the plaintiff. There was a verdict for the plaintiff. The defendant moved to set aside the verdict, which motion the plaintiff resisted. The court overruled the motion and entered judgment for the plaintiff. Defendant appealed and plaintiff assigned as cross-error the refusal of the court to sustain its motion to strike out the defendant's evidence made at the conclusion of defendant's evidence in chief. The court held that the plaintiff had waived his right to insist upon its motion to strike out by resisting the defendant's motion to set aside the verdict. After its motion to strike out was made, the plaintiff introduced evidence in defense of the defendant's plea, but the court did not discuss or refer to the effect of its having done so.

In the following cases at the conclusion of the plaintiff's evidence a motion was made by the defendant to strike out all the plaintiff's evidence, which motion was sustained, but upon appeal the judgment was reversed and the case remanded for a new trial: *Green* v. *Smith*, 153 Va. 675, 151 S. E. 282; *Buchanan* v. *Wilson*, 159 Va. 49, 165 S. E. 422; *Catron* v. *Birchfield*, 159 Va. 60, 165 S. E. 499; *Mears* v. *Accomac Banking Co.*, 160 Va. 311, 168 S. E. 740; *Bray* v. *Boston Lbr.*, *etc.*, *Co.*, 161 Va. 686, 172 S. E. 296; *Jerrell* v. *Norfolk & P. Belt Line Ry. Co.*, 162 Va. 450, 174 S. E. 658; *Leath* v. *R.*, *F. & P. R. Co.*, 162 Va. 705, 174 S. E. 678.

In *Marsh* v. *Penn. R. R. Co.*, 159 Va. 694, 167 S. E. 274, at the conclusion of the plaintiff's evidence a motion was made by the defendant to strike out all the plaintiff's evidence, which motion was sustained, and upon appeal the case was affirmed.

In *Barksdale* v. *So. Ry. Co.*, 152 Va. 604, 148 S. E. 683, at the

See *Green* v. *Smith,* 153 Va. 675, 679-680, 151 S. E. 282. Even where the trial court would have been warranted in sustaining the motion at that juncture, it does not follow that a judgment for the plaintiff will be reversed, if the court overrules the motion. If the cause is thereafter proceeded with to what appears to be a fair development of the evidence for both parties, and upon a consideration of the whole evidence the verdict of the jury in favor of the plaintiff is plainly right, this court will not reverse a judgment for the plaintiff and order a new trial. Section 6365, Code Va. 1919. If the defendant desires to finally conclude the case at that juncture at all events, he should demur to the evidence instead of moving to strike it out. For these reasons we deem it unnecessary to pass upon the motion to strike out and shall consider only the motion to set aside the verdict."[3]

conclusion of all the evidence the defendant moved to strike out the plaintiff's evidence. The motion was sustained and the judgment affirmed.

*Hentz* v. *Wallace's Adm'r,* 153 Va. 437, 150 S. E. 389, was a bill in chancery to have an *ex parte* probate of a will set aside, upon an issue of *devisavit vel non.* At the conclusion of the evidence for both complainants and respondents, the proponents (occupying the position of plaintiffs) moved the court to strike out all the contestants' evidence. The court sustained the motion, and an appeal was refused.

For other cases on motion to strike out all the evidence which have, however, no bearing on the question here under consideration, see *Fleshman* v. *Bibb,* 118 Va. 582, 88 S. E. 64; *Davis* v. *Rodgers,* 139 Va. 618, 124 S. E. 408; *Meade* v. *Saunders,* 151 Va. 636, 144 S. E. 711; *Seinsheimer Co.* v. *Greenaway,* 159 Va. 528, 166 S. E. 539; *Garrett* v. *Hammack,* 162 Va. 42, 173 S. E. 535; *Miles* v. *Rose,* 162 Va. 572, 175 S. E. 230.

[3] In *Clarke* v. *Com.,* 159 Va. 908, 915, 166 S. E. 541, 543, at the conclusion of the Commonwealth's evidence in chief, accused moved the court to strike out all its evidence, which motion was overruled. Subsequently the accused introduced evidence in his behalf. The jury returned a verdict of guilty, upon which the court entered judgment. The accused assigned as error the refusal of the court to sustain his motion to strike out and to set aside the verdict. The court, discussing these assignments of error together, says: "If it was error *in this case* to refuse to strike out the evidence of the Commonwealth at the conclusion of the Commonwealth's case, it was likewise error to refuse to set aside the verdict based thereupon." (Italics supplied.) But this statement must be read in the light of the further statement made by the court at pp. 920-921 of 159 Va., 166 S. E. 541, 545, which is: "No witness has taken the stand to refute the case of the Commonwealth. The only reliance of the accused is that the

 In Virginia, certainly since the enactment of the act of February 25, 1818 (1 Rev. Code 1819, ch. 125, section 96, page 510), courts have had the power and been charged with the duty of setting aside, in proper cases, the verdict in an action for a personal tort, such as a physical injury to the body or slander, where the damages are either inadequate or excessive.[4] But the rule has been, and still is, that a court will not disturb the verdict in such a case either because of its smallness or because of its largeness, unless, in the light of all the evidence, it is manifestly so inadequate or so excessive as to show very plainly that the verdict has resulted from one or both of two causes:

(A) The misconduct of the jury, as for instance that the jury has permitted itself to be actuated by partiality, sympathy, bias, prejudice, passion,[5] or corruption, or has acted perversely, capriciously, or arbitrarily;

(B) The jury's misconception of the merits of the case in so far as they relate to the amount of damages, if any, recoverable, as for instance, that it has taken into con-

Commonwealth has failed to make out a case against him. * * * Our view is that the Commonwealth has successfully borne the burden of establishing the guilt of the accused beyond any reasonable doubt. The testimony of the witnesses and the physical facts lead to but one logical conclusion, that accused is guilty."

We do not understand that the court meant in *Clarke* v. *Com.*, to hold that the accused had not waived his right to insist upon his motion to strike out, or to modify the rule laid down in *Jones* v. *Hanbury, supra*, that, upon a motion to strike out made at the conclusion of the plaintiff's evidence in chief, the court considers the evidence somewhat more strictly than it does upon a motion to set aside a verdict. See *Bray* v. *Boston Lbr. & Builders' Corp.*, 161 Va. 686, 690, 172 S. E. 296, and *Jerrell* v. *Norfolk & P. Belt L. R. Co.*, 162 Va. 450, 174 S. E. 658.

4 Section 6260, Code Va. 1919; *Jackson* v. *Boast* (1816) 2 Va. Cas. 49, comment of reporter; *Rixey* v. *Ward* (1824), 3 Rand. (24 Va.) 52, damages in action for slander held inadequate; *Bertha Zinc Co.* v. *Black's Adm'r*, 88 Va. 303, 13 S. E. 452; *Blackwell* v. *Landreth*, 90 Va. 748, 19 S. E. 791, damages in action for slander held inadequate; *C. & O. Ry. Co.* v. *Arrington*, 126 Va. 194, 101 S. E. 415, damages held excessive; *Lorillard Co.* v. *Clay*, 127 Va. 734, 104 S. E. 384, damages held excessive; *Bishop* v. *Webster*, 154 Va. 771, 153 S. E. 832, 155 S. E. 828, damages in action for seduction held excessive; *American Oil Co.* v. *Nicholas*, 156 Va. 1, 157 S. E. 754, damages held excessive; *Howell* v. *Murdock*, 156 Va. 669, 158 S. E. 886, damages in action for personal injury held inadequate; *C. D. Kenny Co.* v. *Solomon*, 158 Va. 25, 30-31, 163 S. E. 97, damages held excessive.

5 In *Blackwell* v. *Landreth*, 90 Va. 748, 19 S. E. 791, verdict for

sideration improper items or elements of damage or has failed to take into consideration proper items or elements of damage,[6] or that it has in some way misconstrued or misinterpreted the facts or the law which should have guided it to a just conclusion as to the amount of the damages, if any, recoverable.[7]

As to the substance and application of the rule above stated, see the following cases in which the court refused to set aside the verdict on the ground that it was excessive: *Farish & Co.* v. *Reigle,* 11 Gratt. (52 Va.) 697, 62 Am. Dec. 666; *Colonna Shipyard* v. *Dunn,* 151 Va. 740, 766-7, 145 S. E. 342, and cases therein cited; *Hogan* v. *Miller,* 156 Va. 166, 157 S. E. 540; *Lawson* v. *Darter,* 157 Va. 284, 160 S. E. 74; *Safety Motor Transit Corp.* v. *Cunningham,* 161 Va. 356, 171 S. E. 432; *Wade* v. *Peebles,* 162 Va. 479, 174 S. E. 769; the following cases in which it set aside the verdict as being excessive: *C. & O. Ry. Co.* v. *Arrington,* 126 Va. 194, 217, 101 S. E. 415, 423; *Lorillard Co.* v. *Clay,* 127 Va. 734, 104 S. E. 384; *Bishop* v. *Webster,* 154 Va. 771, 153 S. E. 832; *American Oil Co.* v. *Nicholas,* 156 Va. 1, 157 S. E. 754; *C. D. Kenny Co.* v. *Solomon,* 158 Va. 25, 30-32, 163 S. E. 97; and the following cases in which it set aside the verdict on the ground that it was inadequate: *Rixey* v. *Ward,* 3

$5 for defaming a woman's character was held so inadequate as to show prejudice or passion. In *Lorillard Co.* v. *Clay,* 127 Va. 734, 104 S. E. 384, verdict held so excessive as to show that jury was influenced by prejudice and bias.

6 *Howell* v. *Murdock,* 156 Va. 669, 158 S. E. 886; Sutherland on Dam. (3d Ed.), section 1256; *Phillips* v. *So. Western R. Co.,* L. R. 4 Q. B. 406, 40 L. T. (N. S.) 813, 27 Week. Rep. 797, 48 L. J. Q. B. (N. S.) 693, L. R. 5 Q. B. Div. 78, 41 L. T. (N. S.) 121, 28 Week. Rep. 10, 49 L. J. Q. B. (N. S.) 233; *Toledo Rys. & L. Co.* v. *Mason,* 81 Ohio St. 463, 91 N. E. 292, 28 L. R. A. (N. S.) 130; *DeVane* v. *Bauman,* 82 Fla. 346, 90 So. 192; *Taylor* v. *Howser,* 12 Bush. (Ky.) 465; *May* v. *Hahn,* 22 Tex. Civ. App. 365, 54 S. W. 416; *Jorgenson* v. *Crane,* 92 Wash. 642, 159 Pac. 796; *McNeil* v. *Lyons,* 20 R. I. 672, 40 Atl. 831; *DeFreitas* v. *Nunes,* 130 Ill. App. 195; *Harris* v. *Scher,* 63 Misc. Rep. 288, 116 N. Y. S. 722; *Maher* v. *Schuland* (Sup.) 117 N. Y. S. 928.

7 The verdicts in *Bishop* v. *Webster,* 154 Va. 771, 153 S. E. 832; *American Oil Co.* v. *Nicholas,* 156 Va. 1, 157 S. E. 754, seem to have been set aside as excessive for this reason. See, also, *C. & O. Ry. Co.* v. *Arrington,* 126 Va. 194, 101 S. E. 415, and *C. D. Kenny Co.* v. *Solomon,* 158 Va. 25, 30-32, 163 S. E. 97.

Rand. (24 Va.) 52; *Blackwell* v. *Landreth,* 90 Va. 748, 19 S. E. 791; and *Howell* v. *Murdock,* 156 Va. 669, 158 S. E. 886.

This rule applies alike to cases in which it is claimed that the verdict is inadequate as to those in which the claim is that it is excessive. 1 Graham & Waterman on New Trials (2d Ed.) 447.

The reason for the rule (which marks the limit of its application) is well set forth in 1 Graham & Waterman on New Trials (2d Ed.) 451, and the following cases, and will not be restated here: *Farish & Co.* v. *Reigle,* 11 Gratt. (52 Va.) 697, 722, 62 Am. Dec. 666; *Bertha Zinc Co.* v. *Black's Adm'r,* 88 Va. 303, 306-7, 13 S. E. 452; *Richmond Ry., etc., Co.* v. *Garthright,* 92 Va. 627, 24 S. E. 267, 32 L. R. A. 220, 53 Am. St. Rep. 839.

How tenaciously this court has held to this rule and how strictly it has applied it in the past is forcibly told by the following facts.

While it had exercised the power to set aside a verdict as inadequate in two actions for slander, *Rixey* v. *Ward* (1824), *supra,* and *Blackwell* v. *Landreth* (1894), *supra,* the only personal injury case to which our attention has been called, in which it has done so, is *Howell* v. *Murdock, supra,* decided in 1931. In that case the plaintiff received serious injuries, but the verdict was for only $5 more than the expenses of the plaintiff for doctors' and hospital bills up to the time of the trial.

The first personal injury case that has been called to our attention in which this court has sustained a motion to set aside the verdict, in whole or in part, on the ground that it was excessive, is *C. & O. Ry. Co.* v. *Arrington* (1919), 126 Va. 194, 217, 101 S. E. 415, 423.[8] However, in that case the verdict was not set aside merely because it was excessive, but because the "damages are excessive, and also that the

---

[8] The opinion of the court in this case was written by Judge Prentis, who had dissented in *E. I. DuPont De Nemours & Co.* v. *Taylor,* 124 Va. 750, 98 S. E. 866, on the ground that the trial court's action in putting the plaintiff on terms to release a part of his verdict, which it held excessive, should be sustained.

court erred in refusing to give the defendant's instruction D," which related to the question of liability. That case was soon followed by *Lorillard Co.* v. *Clay* (1920), *supra,* in which this court reduced a verdict for $15,000 for the total loss of an eye to $10,000, on the ground that the verdict was excessive and showed that the prejudice of the jury had been inflamed by improper remarks made by plaintiff's counsel in the argument, which remarks the court had directed the jury to disregard when the defendant objected to them.

The first personal tort case called to our attention in which it can be said that this court sustained a motion to set aside the verdict *solely* on the ground that it was for an excessive amount is *Bishop* v. *Webster* (1930), 154 Va. 771, 153 S. E. 832. This was an action by a father for the seduction of his daughter in which there was a verdict and judgment for $10,000. This court held that the verdict was excessive on the ground that it was manifestly too large, and remanded the case for a new trial on all issues.

There are also two later personal injury cases in which the court has set aside verdicts as excessive. In *American Oil Co.* v. *Nicholas* (1931), 156 Va. 1, 157 S. E. 754, the trial court being of opinion that the verdict, which was for $25,000, was excessive, put the plaintiff on terms to relinquish $15,000 thereof. This court sustained the action of the trial court. In *C. D. Kenny Co.* v. *Solomon* (1932), 158 Va. 25, 30-31, 163 S. E. 97, 99, this court reversed the judgment of the trial court; set the verdict for $2,500 aside as excessive, saying that "the jury manifestly disregarded the evidence as to the extent of the injury;" and remanded the case for a new trial as to damages only.

The cases decided in and after 1919 make no change in the rule above stated as to setting aside a verdict on the ground that it is inadequate or excessive, but they do disclose a somewhat less rigid application of it than had theretofore been given it.

But the right of a plaintiff to have a verdict in his favor set aside, *over the objection of the defendant,* on the

ground of inadequacy, does not depend solely upon the evidence bearing upon the damage he has suffered. Both the apparent cause for the return of an inadequate verdict and the state of the evidence relative to the liability of the defendant have an important, and to a considerable extent interacting, bearing upon the plaintiff's right to have the verdict set aside.

Five classes of cases turning upon the state of the evidence relating to the liability of the defendant arise:

1. Cases in which the evidence is insufficient to support a verdict finding the defendant liable.

In such cases it is held with practical unanimity that the court will refuse to set aside the verdict on the ground of inadequacy, whether it be for merely a nominal amount or for a substantial but inadequate sum.[9] In such a case the plaintiff cannot be prejudiced by the smallness of the verdict in his favor, for he is entitled to recover nothing.

2. Cases in which the evidence is insufficient to sustain a verdict finding the defendant *not* liable.

In such cases it is generally held that the court will set aside the verdict on the ground of inadequacy and grant a new trial,[10] whether the verdict be for merely a nominal amount or for a substantial but inadequate sum. And, where the practice of granting in proper cases new trials limited to the question of damages prevails (as it does in Virginia), the new trial should be limited to the question of the amount of the damages. (See section 6251, Code Va. 1919.)

[9] *Flanders* v. *Meath*, 27 Ga. 358; *O'Malley* v. *Chicago City R. Co.*, 33 Ill. App. 354; *Young* v. *Great Northern R. Co.*, 80 Minn. 123, 83 N. W. 32; *Maki* v. *St. Luke's Hosp. Ass'n*, 122 Minn. 444, 142 N. W. 705; *Stroh* v. *South Covington, etc., Ry. Co.*, 25 Ky. L. R. 1868, 78 S. W. 1120. See, also, *Cochran* v. *Wilson*, 287 Mo. 210, 229 S. W. 1050 and *Adams* v. *Anderson, etc., Co.*, 127 Wash. 678, 221 Pac. 993, modifying opinion in 124 Wash. 356, 214 Pac. 835; *Corn Novelty. Co., Inc.* v. *Norwich Union, etc., Co.*, 176 App. Div. 261, 162 N. Y. S. 1020.

[10] *Cochran* v. *Mitchum*, 143 Ga. 35, 84 S. E. 127, Ann Cas. 1916B, 450; *Brown* v. *Wyman*, 224 Mich. 360, 195 N. W. 52; *McCaslin* v. *Ellsworth Coal Co.*, 119 Kan. 93, 237 Pac. 658; *Maher* v. *Schulang* (Sup.) 117 N. Y. S. 928; *Harris* v. *Scher*, 63 Misc. 288, 116 N. Y. S. 722; *Beatie* v. *Moore*, 2 L. R. (Irish) 28.

■ 3. Cases in which clearly the decided preponderance of the evidence is *against* the right of the plaintiff to recover, though there is sufficient evidence to support a finding by the jury that the defendant is liable.

In such cases it is generally held that the court will refuse to set aside the verdict for inadequacy.[11]

■ 4. Cases in which clearly the decided preponderance of the evidence is in favor of the right of recovery, though there is sufficient evidence to support a verdict finding the defendant *not* liable.

In such cases it is generally held that the court will set aside the verdict for inadequacy and grant a new trial; and, usually, where the practice of granting in proper cases new trials limited to the question of damages prevails, the court will restrict the new trial to the question of damages.[12] But in this class of cases where the amount of damages recoverable is not distinctly separable from the matters involved in the issue as to liability, the new trial should be granted on all issues. *Benton* v. *Collins,* 125 N. C. 83, 34 S. E. 242, 47 L. R. A. 33.

■ 5. Cases of conflicting evidence, in which there is sufficient evidence to support a verdict in favor of either the plaintiff or the defendant, but in which there is no clear preponderance of the evidence in favor of either.

In this class of cases there is much diversity of opinion among the courts. Without undertaking to review the cases falling in this class, we state our conclusion as to the correct rules applicable to them, which has been formed after an extensive examination of the subject:

11 *Hubbard* v. *Mason City,* 64 Iowa 245, 20 N. W. 172; *Talty* v. *Atlantic,* 92 Iowa 135, 60 N. W. 516; *Mill* v. *Roulliard,* 168 Iowa 162, 149 N. W. 875; *Cochran* v. *Wilson,* 287 Mo. 210, 229 S. W. 1050; *Haven* v. *Missouri R. Co.,* 155 Mo. 216, 55 S. W. 1035; *Snyder* v. *Portland, etc., Co.,* 107 Or. 673, 215 Pac. 887; *Olek* v. *Fern Rock Woolen Mills* (C. C.) 180 Fed. 117; 8 R. C. L. 682. See, also, *Fischer* v. *St. Louis,* 189 Mo. 567, 88 S. W. 82, 107 Am. St. Rep. 380.

12 *Howell* v. *Murdock,* 156 Va. 669, 674-5, 158 S. E. 886; *Wendell* v. *Safford,* 12 N. H. 171; *Fischer* v. *St. Louis,* 189 Mo. 567, 88 S. W. 82, 107 Am. St. Rep. 380; *Shoemaker* v. *Elin,* 4 N. J. Misc. 992, 135 Atl. 71; *Fleming* v. *Gemein,* 168 Mich. 541, 134 N. W. 969, 39 L. R. A. (N. S.) 315; *Whitney* v. *Milwaukee,* 65 Wis. 409, 27 N. W. 39.

(a) Where the verdict is for nominal damages only, ordinarily it should be considered as a finding for the defendant perversely thus expressed, and should not be set aside,[13] *unless* there is some fact or circumstance other than the smallness thereof which warrants the inference that the jury was actuated by partiality, sympathy, bias, prejudice, passion, corruption, or other improper influences or nature acting against the plaintiff.

If, under the above rule, it be proper to set the verdict aside, a new trial should be granted on the question of damages only.

(b) Where the verdict is for substantial though inadequate damages, it cannot upon any reasonable theory be considered a finding for the defendant, and it should be set aside, and a new trial granted which ordinarily should be limited to the question of the amount of damages.[14]

(c) In the fifth class of cases where the merits of the case as to liability appear not to have been reasonably well developed upon the trial, or the question as to the amount of damages is not distinctly separable from the matters involved in the issue as to liability, or the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear a part of the burden of the injury, or for some other reasons the ends of justice would seem to be better promoted by granting a new trial on all issues, where the court sets aside a verdict of this class, it should grant a new trial on all issues.

In all five classes a sound discretion is vested in the trial court as to whether the ends of justice will be

[13] *Rubinson* v. *Des Moines City R. Co.*, 191 Iowa 692, 182 N. W. 865; *Fulmele* v. *Forrest*, 4 Boyce (Del.) 155, 86 Atl. 733; *Morrell* v. *Gobeil* (1929) 84 N. H. 150, 147 Atl. 413; *Shipley* v. *Virginian Ry. Co.*, 87 W. Va. 139, 104 S. E. 297; *Sullivan* v. *Wilson* (Mo. App.) 283 S. W. 743.

[14] *Stone* v. *Turner*, 178 Iowa 561, 159 N. W. 989; *Milliken* v. *New York*, 82 App. Div. 471, 81 N. Y. S. 866; *Ellis* v. *North Hudson, etc., Co.*, 5 N. J. Misc. 1, 135 Atl. 271.

better served by setting aside, or refusing to set aside, an inadequate verdict and as to whether (if it is set aside) a new trial should be granted upon all issues, or limited to the question of damages; and the appellate court will not reverse the action of the trial court setting aside a verdict as inadequate unless it plainly appears from the record that its action in so doing is plainly wrong. (Section 6363, Code Va. 1919; 28 L. R. A. (N. S.) 130, note.) However, in the exercise of this discretion it is always to be borne in mind that, before a new trial should be limited to the amount of damages, it should be reasonably clear that the misconduct or misconception of the jury from which the inadequacy of the verdict has resulted, has not extended to its determination of the question of liability as well as to its determination of the amount of damages.

So far as the evidence relating to liability is concerned, the instant case falls within class 5, subclass b, above mentioned. The record does not, we think, warrant an inference that the size of the verdict has been caused by any misconduct on the part of the jury; and, if it should have been set aside for inadequacy, it must have been because the jury misconceived the merits of the case in so far as it relates to the amount of damages.

The evidence introduced upon the first trial, in so far as it relates to the amount of damages, was without material conflict. Upon a consideration of it, we are not able to say that the court was plainly wrong in setting the verdict aside on the ground that the amount of the verdict was so inadequate as to warrant the inference that the jury had misconceived the evidence as to the extent of Mrs. McIlhenny's injuries. For that reason its action in so doing will not be disturbed.[15]

The judgment of the trial court will be affirmed.

*Affirmed.*

[15] The writer is of opinion that the action of the court in setting aside the first verdict should not be disturbed for another and to him more cogent reason. The first trial was had on June 19, 1933. When the second trial was had on April 30, 1934, developments (about

which there was no conflict in the evidence) had taken place, since the first trial, which showed beyond all contravention that, had the verdict for $1,500 been permitted to stand, Mrs. McIlhenny would have received a grossly inadequate compensation for the injury done her and have been done a grave injustice. She had the ulna of her right arm broken. It failed to heal properly and (as was foretold at the first trial) she had to undergo a serious bone grafting operation to restore her arm to reasonably normal usefulness. For more than a year her arm was rendered largely useless to her, and for about nine months of that time was in a cast or splints. During much of this time she suffered much pain. The actual out-of-pocket expense to which she had been put as a result of her injury up to the time of the second trial was approximately $1,300.

The action of the court in setting aside a verdict as inadequate is to be determined primarily, and except in exceptional cases wholly, upon the evidence introduced at that trial. But the order of the court setting the verdict aside is an interlocutory order. (*Irving Freezer* v. *Miller* [Sept., 1934], *ante*, page 180, 176 S. E. 159, opinion by Epes, J.) "The refusal to grant a new trial operates as a final adjudication of the rights of the parties, while the granting of the new trial simply invites further investigation, and affords an opportunity for showing the truth without concluding either party." *Chapman* v. *Virginia Real Estate Inv. Co.*, 96 Va. 177, 188, 31 S. E. 74, 78. Where changes in condition and facts which have arisen since the first trial show plainly that the first verdict is grossly inadequate and that had it been permitted to stand a grave injustice would have been done, an appellate court should not reverse the action of the trial court in setting aside the first verdict, on that ground, even though it be of opinion that the evidence introduced at the first did not warrant the court in having set it aside. In this connection see *Adkinson* v. *B. & O. R. Co.*, 75 W. Va. 156, 83 S. E. 291; *Cain* v. *Kanawha Tract., etc., Co.*, 81 W. Va. 631, 95 S. E. 88; *Patteson* v. *Ford*, 2 Gratt. (43 Va.) 19, 25; *Chapman* v. *Real Est. Inv. Co.*, 96 Va. 177, 188, 31 S. E. 74.

What has been said does not impinge upon the Virginia cases which have held that, in passing upon the action of the court in setting aside a verdict and awarding a new trial, the court will look only to the evidence introduced upon the first trial. In all these cases the evidence introduced upon the second trial, which was relevant to the question before the court, was as to facts *existing* at the time of the first trial. In this case the relevant facts are facts which did *not* exist at the time of the first trial.

That there may be no misunderstanding of what the writer has said in this note, it should be added that the court does not concur in these views.