## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Margaret L. Gerard

v.

James Tiffaney Litz

December 14, 1971

BY JUDGE ALEX H. SANDS, JR.

This matter is now before the court upon plaintiff's motion to set aside the verdict as inadequate and award a new trial limited to the issue of damages.

Evidence was introduced with supporting bills to the effect that plaintiff had been under Dr. Dalton's care from August 18, 1969, through November 10, 1969, and that his charges, including x-rays, amounted to $66.00. A bill of $24.00 for two weeks' therapy taken at the direction of Dr. Dalton and a bill of $8.00 for medication testified to by the plaintiff made a total medical expense of $98.00, and there was no contradiction as to this testimony. Plaintiff further testified that she missed nine days from work as a nurse, that her weekly income was from $122.00 to $125.00 per week, and that these nine days lost were directly attributable to the injury received in this accident. No doctor was introduced by either side, nor was any medical statement of any doctor offered by agreement. The verdict was in the amount of $100.00.

The case of *Rawle v. McIlhenny*, 163 Va. 735 (1934), is generally considered to be the leading authority in Virginia upon the question as to when a verdict should and when it should not be disturbed upon the grounds of either excessiveness or inadequacy. Justice Epps, in an exhaustive opinion, undertakes to review the various categories into which cases involving this question fall and gives what appears to be the majority rule as to how each of these categories should be handled. It will be recalled that in the case at bar, the defendant's evidence was stricken and the case submitted to the jury solely upon the issue of

damages. This type case falls under category No. 2 of the *McIlhenny* case in which Judge Epps gives the following statement:

> Cases in which the evidence is insufficient to sustain a verdict finding the defendant *not* liable.
>
> In such cases, it is generally held that a court will set aside the verdict on the ground of inadequacy and grant a new trial, whether the verdict be for merely a nominal amount or for a substantial but inadequate sum. And, where the practice of granting in proper cases new trials limited to the question of damages prevails (as it does in Virginia) the new trial should be limited to the question of the amount of damages.

In support of this statement, Justice Epps cites a plethora of outside authority. He had previously commented that where a verdict appeared inadequate upon its face, both the apparent cause (if any) for the return of the inadequate verdict *and the state of the evidence relative to the liability of the defendant* have an important, and to a considerable extent interacting, bearing upon the plaintiff's right to have the verdict set aside. Justice Epps had prefaced that part of his opinion dealing with this subject with the statement that the verdict would not be set aside upon the grounds either that it was inadequate or excessive unless it was so inadequate so as to show plainly that the verdict resulted from one or both of two causes: partiality, sympathy, bias, prejudice, passion, or corruption on the part of the jury or that the jury in rendering such verdict acted perversely, capriciously, or arbitrarily. There would appear no basis upon which the court, in the instant case, could find that any of these factors existed insofar as the jury was concerned. However, Justice Epps then goes on to point out that the second ground upon which a verdict should be set aside as inadequate was where, from the size of the verdict, it appeared that the jury had either taken into consideration improper items or elements of damage *or failed to take into consideration proper elements or items of damage.* In support of the underscored language above, Justice Epps cited a case of *Howell v. Murdock*, 156 Va. 669 (1931). In this case, the plaintiff had a crushed ankle and had medical bills in the amount of $295.00. The verdict was for $300.00. The trial court set this verdict aside as inadequate and, on a second trial, the jury returned a verdict for $1,500.00. The Supreme court upheld the action of the trial court in setting aside the first verdict, which was only $5.00 more than the

actual out-of-pocket medicals. It might be argued that this case differs from the case at bar because of the seriousness of the injury in the *Howell* case. In answer to this, however, it must be said that the value of the dollar at the time of the *Howell* case and that at the present time would go far toward rendering the cases fairly analogous. It will be observed that the verdict of $1,500.00 was considered by the plaintiff as adequate, for no complaint was made thereof.

In the case at bar, the plaintiff's uncontradicted testimony was that she lost nine days from work. It is quite true, as counsel for defense urges, that the jury may have felt that it was not necessary for her to miss any of this time from work. With this argument, we agree, and this is true even though there was no testimony offered to the contrary. However, it is a fact that the jury only allowed $2.00 more than the out-of-pocket medical expenses by way of damages in a case in which the liability was open-and-shut. The blow to the vehicle in which the plaintiff was riding was very slight. Had the jury believed from the evidence that the plaintiff sustained no injury whatsoever, it is doubtful whether the court could have disturbed this verdict, for the jury could have found that, in view of the minor impact, an injury such as that claimed by the plaintiff could not have resulted. The jury did, however, not do this but found that the plaintiff was injured as a result of this collision. Having so found, an allowance by them of $2.00 for pain and suffering resulting from an injury which resulted in almost three months under doctor's care, two weeks of therapy, and $98.00 gross medical expenses would appear almost proof positive that the jury had not taken into consideration the elements of damage outlined in the damage instruction given them.

For the above reasons, and relying primarily upon the *McIlhenny* case, the verdict of the jury will be set aside and a new trial awarded limited to the issue of damages.